# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| RUTVIK THAKKAR, WILLIAM GONIGAM, and ANDREA KOHLENBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTORU, INC.,<br><br>Defendant. | Case No. 2:21-cv-2051-CSB-EIL |

## PROCTORU'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO STAY DISCOVERY
## PENDING RESOLUTION OF ITS MOTION TO
## DISMISS AND MOTION TO TRANSFER VENUE

Megan M. New (IL SBN 6300422)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
T: (312) 862-2000
F: (312) 862-2200
megan.new@kirkland.com

Thomas J. Butler
Michal Crowder
Caleb C. Wolanek
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
F: (205) 254-1999
tbutler@maynardcooper.com
mcrowder@maynardcooper.com
cwolanek@maynardcoper.com

*Attorneys for Defendant ProctorU, Inc.*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

LEGAL STANDARDS ........................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

    I.    ProctorU's motion to dismiss and motion to transfer venue raise dispositive threshold issues. ................................................................................................. 3

    II.   ProctorU could be unfairly prejudiced if it is required to respond to merits-based discovery before this Court resolves the pending motion to dismiss. ................ 6

    III.  A short stay of merits-based discovery will not prejudice Plaintiffs. ................ 7

CONCLUSION ...................................................................................................................... 8

CERTIFICATE OF COMPLIANCE .......................................................................................... 9

CERTIFICATE OF SERVICE ................................................................................................. 10

## INTRODUCTION

Two potentially dispositive motions are before this Court: ProctorU's motion to dismiss for lack of personal jurisdiction and for failure to state a claim (Doc. #9), and its motion to transfer venue to the Northern District of Alabama (Doc. #11). Because those two motions may entirely conclude this Court's involvement in this case, this Court should stay discovery until it decides those pending motions. Otherwise, ProctorU may be prejudiced by having to incur potentially unnecessary discovery costs. Plaintiffs, on the other hand, will not be prejudiced by a short stay of discovery.

## LEGAL STANDARDS

This Court's broad discretion to control discovery "includes managing the timing, extent, frequency, and manner of discovery." *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 11-cv-249, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011). The United States Supreme Court has ruled that a federal court has "the power to stay proceedings" and explained that a federal court's discretion "to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am Co.*, 299 U.S. 248, 254 (1936). In particular, this Court has "'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Orlando Residence, Ltd. v. GP Credit Co.*, No. 04-cv-439, 2006 WL 2849866, at *7 (E.D. Wis. Sept. 29, 2006) (citation omitted).[1]

---

[1] *See also, e.g.*, *Tex. Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) ("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (citation omitted)); *Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 09-cv-1236, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010) ("Courts have long exercised [their] discretion to stay discovery after a timely filed motion to dismiss."); *Garvey v. Am. Bankers Ins. Co. of Fla.*, No. 17-cv-986, 2017 WL 6016307, at *1 (N.D. Ill. Dec. 4, 2017) (citing *Texas Independent Producers* in granting stay of discovery and proceedings).

Though a motion to dismiss or a motion to transfer venue does not, by itself, mandate a stay of discovery, "[s]tays of discovery are not disfavored." *Bilal v. Wolf*, No. 06-cv-6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007). Rather, "'[a] stay is appropriate where [a] motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue,'" such as jurisdiction. *Netherlands Ins. Co. v. Macomb Cmty. Unit Sch. Dist. No. 185*, No. 18-cv-4191, 2019 WL 5417143, at *1 (C.D. Ill. Feb. 5, 2019) (Long, M.J.) (citation omitted) (staying discovery because there was "no evidence that a stay [would] unduly prejudice or tactically disadvantage the non-moving party," "the parties would avoid expensive and protracted discovery," and a pending motion for judgment on the pleadings would "resolve a dispositive issue").[2]

This Court has explained that "'[a] court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c).'" *Id.* (quoting *Selective Ins. Co. of Am. v. Smiley Body, Inc.*, No. 16-cv-62, 2016 WL 6277618, at *4 (S.D. Ind. Oct. 27, 2016)). In reviewing whether good cause exists for a stay under Rule 26(c), courts consider: (1) "whether the stay would prejudice" the plaintiffs; (2) "whether denying the stay would prejudice" the defendant; and (3) "whether the stay would reduce the burden of litigation on the parties or the court." *U.S. ex rel. Schutte v. Supervalu, Inc.*, No. 11-cv-3290, 2016 WL 3906570, at *1 (C.D. Ill. July 14, 2016).

---

[2] *See also, e.g.*, *Nexstar Broad.*, 2011 WL 4345432, at *2 ("A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue … ."); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-cv-1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (explaining that "stays are granted with some frequency" and that "[s]tays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336–37 (N.D. Ill. 2005) ("Stays are often deemed appropriate where the motion to dismiss can resolve the case—at least as to the moving party, or where the issue is a threshold one, such as jurisdiction … ." (citations omitted)).

**ARGUMENT**

I. **ProctorU's motion to dismiss and motion to transfer venue raise dispositive threshold issues.**

This Court should stay discovery pending the resolution of threshold issues. A defect such as lack of personal jurisdiction shows that a case can go nowhere, and subjecting ProctorU to potentially unnecessary discovery would be an inequitable waste of time and resources. *See Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, No. 07-cv-1047, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008). Those costs and burdens "ought to be postponed until … threshold question[s] … [are] resolved." *Bilal*, 2007 WL 1687253, at *2; *see Munson v. Gaetz*, No. 11-cv-159, 2013 WL 5526659, at *1 (S.D. Ill. Oct. 7, 2013) (explaining that discovery can be stayed if "threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery").

Given the nature of the Plaintiffs' purported class action, ProctorU expects that Plaintiffs' discovery requests could be extensive. Thus, ProctorU would likely be forced to incur significant burden and expense before this Court determines whether ProctorU is subject to personal jurisdiction here. *See Sensory Techs., LLC v. Sensory Tech. Consultants, Inc.*, No. 13-cv-834, 2013 WL 5230700, at *1 (S.D. Ind. Sept. 17, 2013) ("Courts must … carefully control discovery in order to protect out-of-forum defendants from unjustifiably being subjected to the burdens of discovery and litigation in the forum state, which would undermine the very purpose of personal jurisdiction."). Besides the fundamental due-process issue of subjecting ProctorU to merits-based discovery when it is not subject to personal jurisdiction, as a practical matter, merits-based discovery will be unnecessary and a waste of time and resources if this Court grants ProctorU's motion to dismiss. A stay of discovery would also significantly reduce the burden of litigation on the parties and the Court because resolving ProctorU's motion to dismiss and motion to transfer venue "will clarify

- 3 -

the scope of discovery." *Supervalu, Inc.*, 2016 WL 3906570, at *2; *see also id.* (staying discovery pending resolution of a motion to dismiss when defendants showed that a stay "will avoid undue discovery burden on them").

For these reasons, courts in this Circuit routinely stay merits-based discovery pending the resolution of motions to dismiss arguing lack of personal jurisdiction or failure to state a claim. *See, e.g.*, *Alexander v. Take-Two Interactive Software, Inc.*, No. 18-cv-966, 2019 WL 2176321, at *2 (S.D. Ill. May 20, 2019) (staying merit-based discovery pending resolution of a motion to dismiss for lack of personal jurisdiction); *Madbak v. Anthem Ins. Co. Inc.*, No. 16-cv-3197, 2017 WL 5075262, at *1, *3 (S.D. Ind. May 23, 2017) (same); *Supervalu, Inc.*, 2016 WL 3906570, at *2 (staying discovery pending resolution of a motion to dismiss for failure to state a claim); *Nexstar Broad.*, 2011 WL 4345432, at *3, *5 (same); *Lantz v. Am. Honda Motor Co.*, No. 06-cv-5932, 2007 WL 1424614, at *3 (N.D. Ill. May 14, 2007) (noting that the court had stayed discovery pending resolution of a motion to dismiss for failure to state claim). In reaching a decision to stay discovery pending a ruling on a motion to dismiss for lack of personal jurisdiction, courts in this Circuit have reasoned that "until the Court is satisfied that it enjoys personal jurisdiction over [a defendant], its discovery order could lack any true mechanism of enforcement." *Alexander*, 2019 WL 2176321, at *2.

Courts in this Circuit (and elsewhere) also routinely stay discovery pending the resolution of motions to transfer venue.[3] *See, e.g.*, *Abbot v. Lockheed Martin Corp.*, No. 06-cv-701, 2006 WL

---

[3] For instance, in *Darchuk v. Kellwood Co.*, the court concluded that although there were discovery "problems" that needed to be resolved, "the important question of transfer had to be decided first." 715 F. Supp. 1438, 1440 (E.D. Ark. 1988). That court granted the defendants' motion to transfer venue and declined to rule on the discovery issues, reasoning that "the transferee court should be the court to resolve the discovery situation in conformity with its usual policies and procedures." *Id.*

6914829, at *1 (S.D. Ill. Nov. 8, 2006) (staying discovery pending resolution of a motion to transfer venue); *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (holding that the district court did not abuse its discretion in denying merits-related discovery pending a ruling on a motion to change venue); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) (per curiam) (stating that "only if the court should deny the motion to transfer should discovery be permitted to go forward" on topics unrelated to the motion to transfer); *Klein v. Silversea Cruises, Ltd.*, No. 14-cv-2699, 2014 WL 7174299, at *2 (N.D. Tex. Dec. 16, 2014) (staying discovery pending resolution of a motion to transfer venue). By granting a stay of discovery pending the resolution of a motion to transfer venue, these courts have noted that "'if a change of venue motion is granted, the discovery is not denied but merely delayed.'" *Klein*, 2014 WL 7174299, at *1 (quoting *Enplanar, Inc.*, 11 F.3d at 1291).

In *AOS, LLC v. Hruby*, No. 14-cv-3109, 2014 WL 3725863 (C.D. Ill. July 28, 2014) (Bruce, J.), this Court enforced a forum-selection clause and dismissed the civil action before any discovery occurred. No Scheduling Order was entered in that civil action before this Court granted defendants' venue-focused motions to dismiss and terminated the case.

Courts in this Circuit also routinely stay discovery in purported class actions pending the resolution of a motion to dismiss. *See, e.g.*, *Brandenberg v. Meridian Senior Living, LLC*, No. 20-cv-3198, 2021 WL 783542, at *2 (C.D. Ill. Mar. 1, 2021) (staying discovery pending resolution of a motion to dismiss); *Thompson*, 2008 WL 4964714, at *10 (staying discovery pending resolution of motions to dismiss because "any discovery conducted prior to [the resolution of the motions] would constitute needless expense and a waste of attorney time and energy"); *Hill v. Chase Bank, NA*, No. 07-cv-82, 2007 WL 4224073, at *5 (N.D. Ind. Nov. 26, 2007) (explaining that "granting

a stay of class based discovery will encourage the most efficient use of the parties' time and effort"); *Cemail v. Viking Dodge, Inc.*, No. 97-cv-908, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997) (staying discovery pending resolution of a motion to dismiss ). The fact that this civil action is a purported class action further warrants a stay of discovery. Class actions, "by virtue of their broad reach," carry "the potential to be highly burdensome." *J&G Invs., LLC v. Fineline Props., Inc.*, No. 06-cv-2461, 2007 WL 928642, at *5 (N.D. Ohio Mar. 27, 2007). Every claim for relief significantly enlarges the potential scope of discovery. In staying discovery in purported class actions pending resolution of a motion to dismiss, courts in this Circuit have reasoned that the nature of class-action discovery is extensive; that if a motion to dismiss is granted, "defendants will be spared the expense of discovery"; and that if the motion is denied, the "plaintiff[] will suffer only a brief delay." *Cemail*, 1997 WL 359962, at *1; *see also Thompson*, 2008 WL 4964714, at *10. Thus, it "makes sense to stay discovery in a class action pending resolution of motions to dismiss which might resolve the entire case." *J&G Invs.*, 2007 WL 928642, at *5.

For these reasons, this Court should stay discovery pending the resolution of ProctorU's motion to dismiss and motion to transfer venue in this purported class action.

## II. **ProctorU could be unfairly prejudiced if it is required to respond to merits-based discovery before this Court resolves the pending motion to dismiss.**

This Court should stay discovery for another reason: ProctorU could be unfairly prejudiced if it must respond to merits-based discovery before this Court resolves whether ProctorU is subject to personal jurisdiction in the State of Illinois. That is because some courts in this Circuit have held that a defendant can waive an objection to personal jurisdiction by participating in merits discovery, even when the defendant raised the jurisdictional defense in a motion to dismiss. *See, e.g.*, *Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 641–42 (N.D. Ill. 2017) (holding that defendants waived their jurisdictional argument because they "participated in this litigation

through extensive discovery" even though they "formally preserved their objections to personal jurisdiction"); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (finding waiver, in part because the defendants "participated in lengthy discovery"); *see also Pierson v. Nat'l Inst. for Labor Relations Rsch.*, No. 15-cv-11049, 2016 WL 6093490, at *4 (N.D. Ill. Oct. 17, 2016) (holding that defendants did not waive their objection to personal jurisdiction because, in part, they had "not yet engaged in discovery pertaining to the merits of the case"). Indeed, the Seventh Circuit has noted that "[t]he proper course of action" in these circumstances "is to request that the district court enter a stay of discovery until all jurisdictional issues are decided." *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990). ProctorU should not be put in jeopardy of potentially being found to have waived its objection to personal jurisdiction because it had to respond to merits-based discovery.

### III.    A short stay of merits-based discovery will not prejudice Plaintiffs.

It will not prejudice Plaintiffs to stay merits-based discovery pending the resolution of ProctorU's motion to dismiss and motion to transfer venue. Any minimal delay that would result from a stay would not constitute undue prejudice. *See Estimating Grp. v. Rickey Conradt, Inc.*, No. 19-cv-586, 2019 WL 2869686, at *2 (S.D. Ind. July 3, 2019). If this Court grants ProctorU's motion to dismiss, then the parties will have saved considerable needless expense; if this Court denies ProctorU's motion to dismiss, then Plaintiffs will have ample opportunity at that time to conduct the discovery to which they are entitled. *See Madbak*, 2017 WL 5075262, at *2 ("While the Court is considering the motions to dismiss a discovery stay will conserve parties' resources and preserve the opportunity to conduct further discovery … ."); *Dillinger, L.L.C.*, 2010 WL 1945739, at *1–2 ("[T]he Court agrees with [the defendant] that avoiding potentially unnecessary discovery costs—and if the motion to dismiss succeeds, then all discovery costs would have been unnecessary—will not significantly prejudice [the plaintiff], and may indeed even operate to its

benefit."). This is especially true because this case is in its earliest stages: This Court has not even entered a scheduling order. *See Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15-cv-5182, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016) ("[T]his case is in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation. … [B]oth parties suffer harm by the burdens of potentially superfluous litigation.").

In short, there will be no prejudice to Plaintiffs if discovery is stayed until the Court decides ProctorU's pending motion to dismiss and motion to transfer venue.

## CONCLUSION

For these reasons, this Court should stay merits-based discovery pending its resolution of ProctorU's motion to dismiss and motion to transfer venue.

Respectfully submitted this the 6th day of May, 2021,

| | |
|---|---|
| Megan M. New (IL SBN 6300422)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>T: (312) 862-2000<br>F: (312) 862-2200<br>megan.new@kirkland.com | /s/ *Thomas J. Butler*<br>Thomas J. Butler<br>Michal Crowder<br>Caleb C. Wolanek<br>MAYNARD COOPER & GALE, P.C.<br>1901 Sixth Avenue North, Suite 1700<br>Birmingham, AL 35203<br>T: (205) 254-1000<br>F: (205) 254-1999<br>tbutler@maynardcooper.com<br>mcrowder@maynardcooper.com<br>cwolanek@maynardcoper.com |

*Attorneys for Defendant ProctorU, Inc.*

## C<span>ERTIFICATE OF</span> C<span>OMPLIANCE</span>

I certify that this memorandum of law complies with the type-volume limit of Local Rule 7.1(B)(4)(b)(1). According to the word-count feature in Microsoft Word 2016, this memorandum contains 3,045 words.

/s/ *Thomas J. Butler*
Of Counsel

**CERTIFICATE OF SERVICE**

I certify that on May 6, 2021, I e-filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Carl V. Malmstrom
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
malmstrom@whafh.com

I also certify that on the same day I mailed, via U.S. Mail, the document to the following:

Alec M. Leslie
Max S. Roberts
BURSOR & FISHER, P.A.
888 Seventh Avenue, Third Floor
New York, NY 10019
aleslie@bursor.com
mroberts@bursor.com

Christopher R. Reilly
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, FL 33131
creilly@bursor.com

/s/ *Thomas J. Butler*
Of Counsel