# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **RUTVIK THAKKAR, et al.,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**PROCTORU, INC.,**<br><br>    **Defendant.** | Case No. 21-2051 |

### ORDER

This case is before the Court on the Motion to Stay Discovery (#13) filed by Defendant ProctorU, Inc. ("Defendant"). Defendant asks the Court to stay discovery pending the ruling on its Motion to Dismiss (#9) and Motion to Transfer Venue (#11). Plaintiffs filed a Response (#17) in opposition. For the reasons discussed below, Defendant's Motion to Stay Discovery (#13) is GRANTED.

**I.    Analysis**

Defendant asks the Court to stay discovery and all Rule 26 deadlines pending resolution of its motion to dismiss and motion to transfer venue.

"A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c)." *Selective Ins. Co. of Am. v. Smiley Body Shop, Inc.*, 2016 WL 6277618, at *4 (S.D. Ind. Oct. 27, 2016). "The party seeking a stay has no absolute right to a stay; rather, that party 'bears the burden of proof to show that the Court should exercise its discretion in staying the case.'" *Id*.

Courts in this circuit have considered the following factors when deciding whether to stay an action: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on

the court." *E.E.O.C. v. Fair Oaks Dairy Farms, LLC,* 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012) (quoting *Abbott Laboratories v. Matrix Laboratories, Inc.*, 2009 WL 3719214, at *2 (N.D. Ill. Nov. 5, 2009). The moving party must show good cause to stay discovery. *Id.*

"The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion." *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011). "A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing." *Id.*

Considering the factors cited above, there is no evidence that a stay will unduly prejudice or tactically disadvantage the non-moving party. Defendant's Motion to Dismiss may be dispositive as it claims lack of personal jurisdiction. Additionally, if the Court grants Defendant's Motion to Transfer Venue, this case will be transferred to another court. For these reasons, the Court finds that a stay will reduce the burden of litigation on the parties and on the Court. Defendant's request for a stay is granted.

## II.     Conclusion

The Motion to Stay (#13) is GRANTED. The Rule 16 Scheduling Conference set for May 28, 2021 is VACATED. Discovery is hereby stayed. If needed, the Court will set this matter for a Rule 16 Scheduling Conference after the ruling on the Motion to Dismiss and Motion to Transfer Venue.

ENTERED this 24th day of May, 2021.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
